IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JARVIS POUNCY<br>And MARTESHA RICHARDSON, as next<br>of friend to D.B., a minor child.<br>    Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS,<br>US, INC.<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs complaining of Defendants Walt Disney Parks and Resorts (hereinafter Disney), and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff Martesha Richardson is mother and next of friend to D.B., her autistic son. D.B. was injured in the incident giving rise to this suit, and he resides in Gregg County, Texas.

2. Plaintiff Jarvis Pouncy is an injured individual living in Dallas County, Texas.

3. Defendant Walt Disney Parks and Resorts US, Inc. is a company incorporated in the state of Florida and with its primary place of business being in Florida. Defendant can be served by use of its registered agent: Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, Texas, 78701.

### B. JURISDICTION

4. The Court has subject matter jurisdiction over this lawsuit under the provisions of 28 U.S.C.A. § 1332 because suit is between a citizen of Texas and business entities formed

under the laws of foreign states. The subject matter of this suit also involves a federal question. Additionally, the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has personal jurisdiction over Defendant as Defendant conducts business and/or sells products in the state of Texas, and thus have availed themselves to the laws of Texas through interstate commerce.

### C. VENUE

5. Venue is proper in this district under the provisions of 28 U.S.C.A. § 1391. Further, D. B. is an autistic, special needs child which necessitates that the litigation be as close to him as possible. Moving the litigation would cause great hardship to D.B. and his mother.

### D. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

### E. FACTS

7. Walt Disney Parks and Resorts, US, Inc., owns and operates the Disneyland Resort in California. All allegations against Disneyland and its staff are directly attributable to Walt Disney Parks and Resorts, US, Inc.

8. On or about June 21, 2013, Jarvis Pouncy and his family – including his autistic nephew, D.B. – were vacationing in California with the express intent of letting D.B. go to the world-famous Disneyland Resort. D.B. has severe autism. He is unable to engage in verbal communication at all. Disneyland issued D.B. a "Guest Assistance Card," which designated D.B.'s special needs to all Disney employees.

9. Plaintiffs were entering the ride known as "Space Mountain." When they got into the cars for the ride, the restraints malfunctioned and would not snap into place.

10. Mr. Pouncy alerted the Disneyland staff of the problem. The staff diverted the train of cars that contained Mr. Pouncy and D.B. to another track. This track did not have a platform that allowed park patrons to step into and out of the train cars. Instead, a ladder or step ladder was brought to the side of the cars, and park patrons were asked to climb down to the surface several feet below the train. This section of track was poorly lit and it was very difficult to see anything. The walking surface at the bottom of the steps was uneven.

11. D.B. could not get down the ladder by himself due to his disabilities. Mr. Pouncy asked the Disneyland staff for help, but they told him that Disneyland policy precluded them from touching or helping young D.B. The Disney staff did not call its managers or arrange for special assistance.

12. Without other options, Mr. Pouncy was forced to attempt to carry D.B. down the ladder himself. At the bottom of the ladder was an uneven surface. When Mr. Pouncy stepped from the ladder to the uneven surface below, he lost his footing and fell, injuring both himself and D.B.

13. Mr. Pouncy has had back surgery as a result of this incident.

### F. COUNT I - NEGLIGENCE

14. Defendant Disney failed to act as a reasonably prudent person would under the same or similar circumstances. Disney created a dangerous situation by moving a train full of people into a dark area that required use of a ladder. Even after learning that one of those people had a disability, Disney personnel gave no help or alternative means of debarking the train. Disney breached its duty of ordinary care with these actions and this breach proximately caused Plaintiffs' injuries. This danger was a foreseeable consequence of Disney's actions.

### G. COUNT II – PREMISES LIABILITY

15. Plaintiffs were invitees on Disney's property as they were paying customers. Disney had a hidden and unreasonable danger in its uneven surface. Disney neither warned nor corrected for this problem. As a direct result of this unreasonably dangerous condition, Plaintiffs were injured. It is foreseeable to Disney that if there is a malfunction of the train and those in the train must debark to an uneven surface, that such a problem presents an unreasonable risk of harm to park patrons. The condition of the uneven surface proximately caused the injuries to Jarvis Pouncy and D.B.

### H. COUNT III – NEGLIGENT HIRING, TRAINING AND SUPERVISION

16. Disney knew or should have known that the employees it had working at the time that Plaintiffs were injured were not trained properly, did not go through proper hiring processes, and were inadequately supervised. The Disney employees working at the Space Mountain ride on the day of injury created an unreasonably dangerous situation. A reasonably prudent employer would train its employees in ways to deal with those that have special needs. Disney, knowing that children of all ages and abilities would use and frequent its park, should have hired employees that were equipped to deal with these foreseeable situations. Disney should have had supervisors in place that could monitor the employees' handling of the situation and done something about it. Disney's failure to follow reasonably prudent hiring, training, and supervision practices was a foreseeable cause in fact of the injuries to Plaintiffs.

### I. COUNT IV – RESPONDEAT SUPERIOR

17. Whenever it is alleged anywhere in this complaint that Disney or Disneyland or Walt Disney Parks and Resorts US, Inc. (all referring to the same entity in this case) was negligent or liable through act or omission, it is mean that the company is liable and negligent based on the actions and omissions of its employees, agents, officers,

representatives, and other personnel who acting in the furtherance of Disney's business, and such employee actions are therefore attributable to Disney.

### J. COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

18. The Americans with Disabilities Act (ADA) was created by Congress in 1990 to more fully protect Americans with disabilities. The ADA is codified in the United States Code 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation." 42 U.S.C. § 12181(7)(B) specifically includes amusement parks, like Disneyland, as "places of public accommodations."

19. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). "Major life activities" includes but is not limited to caring for oneself, performing manual tasks, speaking, learning, reading, concentrating, thinking, and communicating.

20. D.B., as a child with autism, falls squarely within the ADA definition of being disabled.

21. The ADA has both general and specific prohibitions against discrimination. The ADA specifically includes the following behavior as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that

making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

22. By not having a procedure in place to accommodate disabled children such as D.B., Disney has violated the ADA. It is foreseeable that rides will sometimes break down. It is foreseeable that disabled children will be in those rides. Therefore, it is necessary that Disney reasonably modify its practices and procedures to allow for children to debark without incident.

23. Despite requests from D.B.'s family that the Disney personnel offer him some sort of assistance to get off the train, Disney refused to help. This constitutes intentional discrimination by preventing D.B. from enjoying the park in the manner of other patrons. These actions constitute deliberate indifference and discriminatory animus with respect to D.B. For these violations, Plaintiff seeks to enjoin Disney from continuing the violations and discriminations against Plaintiffs on account of D.B's disability. Plaintiff also seeks compensatory damages, punitive or exemplary damages, attorneys' fees, court costs, and any other monetary or equitable remedies available by law.

### K. COUNT VI – GROSS NEGLIGENCE

24. Plaintiffs adopt the allegations of paragraphs 1-23 and incorporates the same herein where relevant.

25. The acts of Defendants, as described above, constitute gross negligence and serve as a basis for exemplary or punitive damages. The acts and omissions complained of show a deliberate indifference to the safety and welfare of the consumer public when viewed objectively from the standpoint of a reasonably prudent person. Further, Defendants were

aware of and consciously disregarded the risks to Plaintiffs and others by continuing its activities, despite the magnitude and severity of risks involved.

## L. DAMAGES

26. Plaintiffs adopt the allegations of paragraphs 1-25 and incorporates the same herein where relevant.

27. This suit is brought to recover all damages recoverable under any statutory or common law. For the violation of the ADA, that includes but is not limited to injunction, compensatory damages, attorneys' fees, court costs, and other remedies

28. Defendants' acts and omissions described above are the producing and proximate cause of harm that Plaintiff Jarvis Pouncy has suffered and continues to suffer. Plaintiff Pouncy's damages include, but are not limited to, disability, physical pain, mental anguish, scars, itching, medical bills both past and future, lost income, increased susceptibility to other ailments, and injuries, lost earning capacity and other continuing damages for which Plaintiff seeks compensatory damages.

29. Plaintiff also seeks exemplary damages on the basis of the gross negligence of all Defendants. Exemplary or punitive damages would serve the community and punish wrongdoing.

## M. JURY DEMAND

30. Plaintiff hereby demands a trial by jury.

## N. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a. Actual damages and exemplary damages;

b. Prejudgment and postjudgment interest as provided by law;

c. Attorneys' Fees and Costs of Court; and

d. Trial by jury

f. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

/s/ Benton G. Ross
Benton G. Ross
State Bar No. 24068124
Douglas C. Monsour
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)

ATTORNEYS FOR PLAINTIFF